UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WATERFORD TOWNSHIP POLICE &
FIRE RETIREMENT SYSTEM, individually
and on behalf of all others similarly situated,

        Plaintiffs,

  -v-                                         No.  14 CV 3876-LTS

REGIONAL MANAGEMENT CORP., et al.,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Lead Plaintiff Waterford Township Police & Fire Retirement System ("Lead Plaintiff") brought this action on behalf of a putative class of investors ("Plaintiffs") who purchased publicly traded securities issued by Regional Management Corp. ("RM" or the "Company") between May 2, 2013, and October 30, 2014.  This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

On March 30, 2016, this Court granted motions to dismiss by all named Defendants, concluding that the operative Second Amended Complaint ("SAC") failed to state a claim.  (Docket entry no. 84 (the "March Opinion").)  Plaintiffs requested, and were granted, permission to file a motion for leave to amend the complaint in light of the Court's decision.

Plaintiffs now move for leave to file their proposed Third Amended Complaint ("TAC").  (Docket entry no. 92, Ex. A.)  For the following reasons, Plaintiffs' motion is denied.

BACKGROUND

The Court assumes the parties' familiarity with the allegations in the SAC, as detailed in the March Opinion. All abbreviations used herein have the same meanings as in the March Opinion.

The TAC contains only two categories of substantial new factual material: (1) allegations by a twelfth former employee of RM, referred to as "FE12", who was employed as a district supervisor in Oklahoma during the Class Period (TAC ¶¶ 122-33); and (2) a series of events captioned "Subsequent Developments", which are factual allegations post-dating the Class Period (TAC ¶¶ 429-43.)

FE12 was a district supervisor responsible for overseeing ten RM branches. (TAC ¶ 122.) Like the other former RM employees whose allegations were contained in the SAC, FE12 makes allegations about RM's underwriting standards and training. (TAC ¶¶ 123-26.) FE12 also makes allegations relating to Defendant Quattlebaum (RM's former President and COO) and his visits to RM's branches, including allegations that Quattlebaum instructed employees to renew loans regardless of a customer's income. (TAC ¶ 127.)

The TAC also alleges that RM undertook certain personnel changes after the end of the Class Period by establishing a Chief Risk Officer position and replacing Quattlebaum as President and COO. (TAC ¶ 432.)

DISCUSSION

Federal Rule of Civil Procedure 15 provides that the court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). It also provides that

"leave to amend shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962).  If the plaintiff has "at least colorable grounds for relief," justice requires granting leave to amend.  Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 783 (2d Cir. 1984) (citation omitted).

The Second Circuit has held that "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed."  Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 283 (2d Cir. 2000).  "The party opposing a motion to amend bears the burden of establishing that an amendment would be futile . . . .  A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)" of the Federal Rules of Civil Procedure."  Ballard v. Parkstone Energy, LLC, No. 06 CV 13099, 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008) (internal quotation marks and citations omitted).  Thus, "[l]eave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact."  AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 726 (2d Cir. 2010) (citation omitted).

Under the Rule 12(b)(6) standard, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.  Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).  To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007).  However, a "pleading that offers labels and conclusions or a formulaic recitation of elements of a cause of action will not do."  Iqbal, 556 U.S. at 678 (internal quotation marks and citations omitted).

Plaintiffs' new allegations in the TAC are wholly insufficient to alter this Court's

conclusions in the March Opinion. As the Court explained in the March Opinion, the allegations of former employees -- which were materially similar to the new allegations by FE12 -- who "were skeptical of RM's live check underwriting and were experiencing difficulties in servicing live check loans" were not sufficient because Plaintiffs had not alleged "that RM's management believed that the Company's underwriting practices were unsound or inappropriate." (March Opinion, at 22.) In order to state a claim, Plaintiffs must allege that RM's management made untrue statements of material facts, which requires allegations that plausibly demonstrate that RM's management's opinion was not "honestly held." Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund, 135 S. Ct. 1318, 1327 (2015); see id. ("[A] sincere statement of pure opinion is not an 'untrue statement of material fact,' regardless whether an investor can ultimately prove the belief wrong."); In re Magnum Hunter Res. Corp. Sec. Litig., 26 F. Supp. 3d 278, 295 (S.D.N.Y. 2014) ("[P]laintiffs' use of confidential witnesses does not rectify the fact that they do not adequately plead falsity. While these witnesses are certainly able to muster a litany of criticisms of accounting practices, the [complaint] does not include any who support an inference that defendants' statements or omissions regarding their controls were known to be false at the time made.") The allegations of FE12 do not alter the Court's conclusion from the March Opinion that Plaintiffs failed to plead facts "demonstrating that RM knowingly failed to follow the underwriting practices that it actually disclosed, or that those practices were objectively unsound in the context of the live check program." (March Opinion, at 23.[1])

---

[1] Insofar as Plaintiffs' motion for leave to amend is predicated on a disagreement with this Court's analysis of legal issues in the March Opinion, specifically with the Court's construction of Omnicare, such arguments are effectively arguments for reconsideration of the March Opinion. Because Plaintiffs advance no new arguments in support of their interpretation of Omnicare's applicability to their factual allegations, reconsideration is not warranted. In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig., No. 08 M.D.L. No. 1963, 2009 WL 2168767, at

The other new allegations in the TAC are equally unavailing, as they relate entirely to RM's actions after the Class Period.[2] Such allegations are a classic example of attempting to sustain a cause of action based on "fraud by hindsight," that is, alleging "that defendants should have anticipated future events and made certain disclosures earlier than they actually did." Novak v. Kasaks, 216 F.3d 300, 311 (2d Cir. 2000). Plaintiffs' burden is to allege facts demonstrating plausibly that RM's statements were known to be false when made. Plaintiffs failed to do so in their SAC and, for substantially the reasons set forth in the March Opinion, fail to meet their burden on the proposed TAC as well.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend is denied as futile. This Memorandum Opinion and Order resolves docket entry no. 90. For the reasons set forth in the March Opinion, the Clerk of Court is respectfully requested to enter judgment dismissing the Second Amended Complaint with prejudice, and close this case.

SO ORDERED.

Dated: New York, New York
       January 27, 2017

                                                 /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                                 United States District Judge

---

[*1] (S.D.N.Y. Jul. 16, 2009) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.").

[2] Plaintiffs do not reference the alleged "subsequent developments" in laying out the factual background to the instant motion, relying wholly on the new allegations of FE12. (Docket entry no. 91 (Pl. Mem. of Law in Support), at pp. 3-7.)