**MANDATE**

17-598
Waterford Township Police & Fire et al. v. Regional Mgmt. Corp. et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of January, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             PETER W. HALL,
                          *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb. 16, 2018

_____

WATERFORD TOWNSHIP POLICE & FIRE RETIREMENT
SYSTEM, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED, CITY OF ROSEVILLE
EMPLOYEES' RETIREMENT SYSTEM,
                 *Plaintiffs-Appellants*,

              v.                                                                17-598

REGIONAL MANAGEMENT CORP., PALLADIUM
EQUITY PARTNERS III, L.P., PALLADIUM EQUITY
PARTNERS III, L.L.P., PARALLEL 2005 EQUITY FUND, LP,
PARALLEL 2005 EQUITY PARTNERS, LP,
THOMAS F. FORTIN, C. GLYNN QUATTLEBAUM,
DONALD E. THOMAS, DAVID PEREZ, ROEL C.
CAMPOS, RICHARD T. DELL'AQUILA, RICHARD
A. GODLEY, JARED L. JOHNSON, ALVARO G.
DE MOLINA, CARLOS PALOMARES, ERIK A. SCOTT,
STEPHENS INC., KEEFE, BRUYETTE & WOODS, INC.,
BMO CAPITAL MARKETS CORP., JMP SECURITIES LLC.,
FBR CAPITAL MARKETS & CO.,
                 *Defendants-Appellees*.
_____

**MANDATE ISSUED ON 2/16/2018**

| | |
|---|---|
| Appearing for Appellants: | DOUGLAS WILENS (Samuel H. Rudman, Joseph Rusello, *on the brief*), Boca Raton, FL. |
| Appearing for Appellees: | GEORGE S. WANG, Simpson Thacher & Bartlett LLP, New York, N.Y. *for Regional Management Corp., Palladium entities, Parallel entities, and individual defendants*. |
| | JESSICA CORLEY, Alston & Bird LLP (Joseph Tully, *on the brief*), Atlanta, GA *for Stephens Inc., Keefe, Bruyette & Woods, Inc., BMO Capital Markets Corp., JMP Securities LLC, FBR Capital Markets & Co.* |

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellants Waterford Township Police & Fire Retirement System and City of Roseville Employees' Retirement System ("Appellants") appeal from the January 27, 2017 opinion and order of the United States District Court for the Southern District of New York (Swain, *J.*), denying them leave to file a third amended complaint. *Waterford Township Police & Fire Retirement System v. Regional Mgmt. Corp.*, 2017 WL 395206 (S.D.N.Y. Jan. 27, 2017) ("*Waterford Township II*"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo denials of leave to amend complaints on grounds of futility. *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 242 (2d Cir. 2007). Reviewing the denial of a motion to amend on futility grounds effectively requires us to determine whether the proposed amended complaint succeeds in stating a claim. *Id.* at 244; *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). In so doing, we accept all well pled allegations as true and draw all plausible inferences in plaintiffs' favor. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

Appellants' complaint first alleges that Regional Management and its executives (collectively, "RM") made material misrepresentations about their underwriting practices. The district court found that many of these were inactionable because they were "in the nature of belief or opinion." *Waterford Township Police & Fire Retirement System v. Regional Mgmt. Corp.*, 2016 WL 1261135, at *10 (S.D.N.Y. Mar. 30, 2016) ("*Waterford Township I*"). It further found that, the complaint failed to establish that any of these statements were misrepresentations in any case, since it contained no facts indicating that RM "did not believe the statements were true at the time they were made." *Id.*

We need not address the former ruling, because we agree with the latter. The third amended complaint does not indicate that the statements RM made were "misleading as to a material fact." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38 (2011) (citation and

emphasis omitted). Appellants refer to the statements of a number of former employees to support their claim that RM misled investors about its underwriting practices. Although many of these statements indicate that RM's *branches* had shoddy underwriting practices and that live check loans were especially likely to result in defaults, none of them contains any information either way as to whether underwriting for live check loans, which occurred at RM headquarters, was especially bad during the Class Period. These facts are just as consistent with the possibility that RM believed what it was saying about its underwriting practices (and that its beliefs were correct) as the opposite. That is not enough to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (citation and internal quotation marks removed).

Appellants also allege that RM made material misrepresentations about the adequacy of staffing in its loan servicing departments. We agree with the district court that these allegations amount to "fraud by hindsight" because "Plaintiffs plead no facts demonstrating that the Company did not actually believe that it could achieve increased labor productivity with the increased loan volume at the time it made the positive statements, nor do they identify any contemporaneous facts that would have rendered such a belief unfounded." *Waterford Township I*, 2016 WL 1261135, at *11; *see also Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000)). Investors frequently clamor for cutting labor costs to pay out more in profits. Such a strategy risks favoring short-term payouts at the expense of the medium term. We need something more than hypotheticals to conclude that such a ho-hum feature of capitalist enterprise was in fact a guise to defraud those it often benefits.

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3